Swiatocha v Koenigsdorf (2025 NY Slip Op 05117)

Swiatocha v Koenigsdorf

2025 NY Slip Op 05117

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-02898
 (Index No. 613454/21)

[*1]Tara Elizabeth Swiatocha, respondent,
v
Eric S. Koenigsdorf, etc., et al., appellants.

Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Timothy M. Gallagher of counsel), for appellants.
Sullivan Papain Block McManus Coffinas & Cannavo, P.C., Garden City, NY (Christopher J. DelliCarpini and Stephen C. Glasser of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated February 27, 2024. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against the defendants Eric S. Koenigsdorf, Matthew R. Austen, and Peconic Bay Medical Center.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 5, 2019, the plaintiff was transported by ambulance to the emergency department of the defendant Peconic Bay Medical Center (hereinafter PBMC), where she was treated by the defendants Eric S. Koenigsdorf and Matthew R. Austen. The plaintiff reported that she dropped a porcelain vase on her right foot, resulting in a cut on the top of her foot approximately six inches from her big toe. She further reported that her right big toe was drooping and that she was unable to move it. Koenigsdorf performed an X-ray on the plaintiff's right foot, sutured the wound, and instructed the plaintiff to follow up with an orthopedic specialist within one to three days. Five days later, the plaintiff presented to James Moore, an orthopedic surgeon, who discussed treatment options. According to the plaintiff, Moore advised her that the extensor hallucis longus (hereinafter EHL) tendon of her right foot was severed and that it was too late to surgically repair it because it should have been addressed "immediately." On January 28, 2020, approximately six months later, the plaintiff presented to a different orthopedic surgeon, who diagnosed her with an EHL tendon rupture in her right foot and informed her that she was "well past the point" where the rupture could be surgically repaired.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against Koenigsdorf, Austen, and PBMC (hereinafter collectively the PBMC defendants), and another defendant. The defendants moved, among other things, for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against the PBMC defendants. By order dated February 27, 2024, the Supreme Court, inter alia, denied that branch of the defendants' motion.
"A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact with respect to at least one of the elements of [*2]a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) [whether] such a departure was a proximate cause of the plaintiff's injuries" (Rani v Chaudhry, 237 AD3d 866, 867 [internal quotation marks omitted]; see Danziger v Mayer, 236 AD3d 755, 758). "Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Rani v Chaudhry, 237 AD3d at 867 [internal quotation marks omitted]; see Delia v Wieder, 236 AD3d 857, 858; Danziger v Mayer, 236 AD3d at 758). "Summary judgment is generally not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions, that are neither conclusory nor speculative, and are otherwise supported by the record" (Danziger v Mayer, 236 AD3d at 758 [internal quotation marks omitted]; see Rani v Chaudhry, 237 AD3d at 868).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against the PBMC defendants. By submitting, among other things, an expert affirmation, the defendants demonstrated, prima facie, that the treatment provided by the PBMC defendants did not depart from accepted medical practice and, in any event, that this treatment did not proximately cause the plaintiff's injuries (see Delia v Wieder, 236 AD3d at 858; Armond v Strangio, 227 AD3d 758, 759).
In opposition, however, the plaintiff's expert affirmation raised triable issues of fact as to whether the PBMC defendants departed from accepted medical practice and whether their alleged departures were a proximate cause of the plaintiff's injuries. Where, as here, experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution (see Delia v Wieder, 236 AD3d at 859).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against the PBMC defendants.
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court